JOHN SNAPE, APPELLANT, v. HENRY GILBERT, JAMES N. BROCK AND JOHN F. BRODERICK, RESPONDENTS.

*Answer — return of, because of a defective verification — notice must point out defect.*

Where an answer is returned on the ground that the verification of the same is defective, the notice must point out specifically the particulars in which it is defective.

APPEAL from an order of the Special Term compelling the plaintiff to accept an answer served by the defendant Gilbert.

This action was brought against the defendant Gilbert, as receiver of the assets of a firm, and against the other two defendants who were sureties upon his bond, to recover for a breach thereof.

Each of the defendants served a separate answer and verified it as follows, viz.:

"CITY AND COUNTY OF NEW YORK, ss.:

Mathew H. Gilbert, being duly sworn, says: That he is the son of this defendant.

That he has read the foregoing answer and that the same is true to his own knowledge.

That the reason this verification is made by deponent is that said defendant Gilbert is absent from home and not here to make the same.

That said Gilbert resides at No. 627 West Fifty-first street, New York, and all the allegations contained in the foregoing answer are within the personal knowledge of this deponent."

The verifications differ from each other in the names of the defendants mentioned therein, but were all verified by M. H. Gilbert and were substantially alike. The plaintiff returned the answers, indorsing on each the following notice:

" *To* DAILY, Jr., & MACHIN, *Attorneys for Defendants :*

Please take notice that the plaintiff refuses to receive and hereby returns the within answer on the ground and for the reason that the same is not properly verified and will treat the same as a nullity."

*Isaac L. Miller*, for the appellant.

*Daily & Machin*, for the respondents.

INGALLS, J.:

The main objections to the verification to the answers are two:

First, That it is not therein stated that Matthew H. Gilbert was at the time the agent or attorney of the defendants.

Second, That it is not stated that the defendants were not, at the time, within the county of New York.

The verification is not a strict compliance with the statute, although for all practical purposes, it is a substantial compliance. It is therein stated by Matthew H. Gilbert, who verified the answers, that he is a son of one of the defendants, and had heard read the answer, and that the same was true of his own knowledge; that the reason why he made such verification was that the defendant Gilbert was absent from home, and not there to make the same; that all the allegations of the answer were within his personal knowledge. In a case, where there is a substantial compliance with the statute, and no evidence of intentional evasion of its requirements, the court is justified in holding the party objecting to the sufficiency of a verification, to strict practice on his part.

The notice which accompanied the papers, which were returned, is as follows: " Please to take notice that the plaintiff refuses to

receive, and hereby returns the within answer, on the ground and for the reason that the same is not properly verified, and will treat the same as a nulity."

This notice was too general.    When a paper is returned on the ground of irregularity the objection must be stated explicitly, and the particular defect, or omission, should be pointed out, so that the other party may understand wherein his papers are defective.    The rule was intended to accomplish this result.    (*Chemung Bank* v. *Judson*, 10 How., 133 ; *Broadway Bank* v *Danforth*, 7 How. 264 ; *Sawyer* v. *Schoonmaker*, 8 How., 198.)

The judge at Special Term made a proper order, which should be affirmed with costs.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed with costs.